**Kathryn GOMULUCH, Plaintiff,**

v.

**AMERITECH, a Corporation and Ameritech's Long Term Disability Plan, Defendants.**

No. 97 C 7842.

United States District Court,
N.D. Illinois,
Eastern Division.

May 3, 1999.

Edwin J. Belz, Belz, McWilliams & Haugh, Chicago, IL, for Kathryn Gomoluch, plaintiff.

Benjamin Ghess, Ameritech Corporation, Chicago, IL, for Ameritech, a Corporation, defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Kathryn Gomoluch sued Defendants alleging that Ameritech and Ameritech's Long Term Disability Plan ("LTDP") violated the Employment Retirement Income and Security Act ("ERISA") when it terminated her long term disability benefits. Gomoluch's claim is brought pursuant to ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). Currently before the Court is Defendants' motion for summary judgment. Ameritech also asks us to dismiss the case against it, arguing that it is not a proper defendant to this suit. We grant Defendants' motion for summary judgment for the reasons stated below.

## RELEVANT FACTS

Gomoluch worked as a Service Representative at Ameritech. She suffered from interstitial cystis, and as a result, experienced pain in her abdomen and an increased need to urinate. On June 19, 1995, she stopped reporting to work and began receiving short-term disability benefits under Ameritech's Sickness and Accident Disability Plan. When those benefits expired, Gomoluch applied for long-term disability benefits under Ameritech's LTDP. Although she received benefits for June and July of 1996, Defendants terminated her benefits as of August 1, 1996. In a letter dated December 12, 1996, Ameritech notified Gomoluch that her benefits had been terminated, explaining that although she met the definition of disability under Ameritech's LTDP for the months of June and July, "[t]here was no medical documentation submitted which would substantiate continued disability after July 1996."

Gomoluch contacted Ameritech's Long Term Disability Manager, Bradley Johnson, to obtain information for appealing the termination decision. Johnson informed Gomoluch that the Benefit Committee decided appeals. Johnson directed Gomoluch to send the committee a letter stating the reasons she was entitled to benefits, along with medical documentation supporting her claim that she was unable to work after July of 1996.

Gomoluch complied, supplying the Benefit Committee with an explanatory letter and her medical records from August to October of 1996. In addition, Gomoluch submitted letters from three different treating physicians, dated August, October, and December 1996. In the December 1996 letter, Gomoluch's physician, Dr. Sproul stated that Gomoluch had been prescribed Elmiron to manage her pain and that "[a]lthough she seems significantly improved on these medicines, she continues to have problems with urinary frequency and urgency and inability to hold her urine for any length of time." Dr. Sproul opined that "[t]his combined with her ileostomy and her chronic asthma has made it difficult for her to maintain a schedule that will allow her to work regularly."

Linda Nikitas, the Benefit Committee Coordinator, directed a letter to Gomoluch acknowledging receipt of the correspondence and documentation, and requesting any additional documentation Gomoluch believed was pertinent to her appeal. No further documentation was forthcoming.

Johnson forwarded Gomoluch's disability file to Dr. Avrom Simon, a consulting physician. Johnson asked Dr. Simon to review Gomoluch's file, call her physician, and render his opinion as to her ability to work with or without accommodation. Dr. Simon contacted Dr. Sproul by telephone and requested information about Gomoluch's condition. Dr. Sproul revealed that although the Elmiron reduced Gomoluch's

pain and need to urinate, she had discontinued the medication because her insurance did not cover it. Drs. Simon and Sproul agreed that Gomoluch could work at a sedentary job if she was allowed bathroom breaks when needed and could take Elmiron regularly.

The Assistant Secretary to the Benefit Committee, Kathy Ort, subsequently received Gomoluch's file. Ort prepared a report for the Benefit Committee that summarized Gomoluch's case and recommended upholding the termination. Dr. Anfield, the medical advisor to the Benefit Committee, agreed with Ort's recommendation.

Nikitas distributed Gomoluch's entire file to the Benefit Committee several days before it met to vote on Gomoluch's appeal. Gomoluch's file contained her appeal letter; her medical records; notes from plan administrators regarding her claim; letters from treating physicians dated August 28 and November 1, 1996; Dr. Sproul's December 18,1996 letter; Dr. Simon's handwritten notes; and Ort's recommendation and report.

Dr. Anfield and Ort attended the Benefit Committee meeting held on May 27, 1997. Dr. Anfield summarized the information contained in Gomoluch's file, discussing the medical findings and their significance, and answered the members' questions regarding Gomoluch's condition. The Committee voted to uphold the termination of Gomoluch's long-term benefits. On June 5, 1997, Ort sent a letter to Gomoluch informing her that the Committee voted to deny Gomoluch's benefits "due to a lack of objective medical documentation to substantiate" her claim that she was "unable to engage in any occupation or employment (with reasonable accommodation), for which [she was] qualified, or may reasonably become qualified, based on training, education or experience." This suit followed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must advance "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

In analyzing an ERISA claim under § 1132(a), we must first determine the appropriate standard of review. The Supreme Court instructs us that, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In the instant case, both parties agree that the Benefit Committee had full discretionary authority to interpret the LTDP's terms and to determine benefits eligibility. Therefore, to survive Defendants' motion for summary judgment, Gomoluch must submit evidence demonstrating that Defendants' benefits determination was arbitrary and capricious. *Fuller v. CBT Corp.,* 905 F.2d 1055, 1058 (7th Cir.1990).

### 1. Decision to Deny Benefits

Under the arbitrary and capricious standard, we must give substantial deference to the Benefit Committee's determination. *Wilczynski v. Kemper Nat'l Ins. Cos.,* 998 F.Supp. 931, 942 (N.D.Ill.1998). To hold that the Benefit Committee's decision was arbitrary and capricious, we must be confident that the Committee "failed to

consider significant information or that they seriously erred in evaluating the evidence before them." *Gupta v. Freixenet, USA, Inc.*, 908 F.Supp. 557, 565–65 (N.D.Ill.1995); *see also Wahlin v. Sears, Roebuck & Co.*, 78 F.3d 1232, 1235 (7th Cir.1996). The decision of the Benefit Committee will not stand if it

> relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it], or is so implausible that it could not be ascribed to a difference in view or the product of [its] expertise.

*Gawrysh v. CNA Ins. Co.*, 8 F.Supp.2d 791, 794 (N.D.Ill.1998) (quoting *Motor Vehicle Mfrs. Assoc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Thus, we must uphold the Benefit Committee's decision unless we find that it was "downright unreasonable". *See Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir.1994).

Gomoluch argues that the Benefit Committee's decision to uphold the termination of her long-term disability benefits was arbitrary and capricious because Ort's summary report brushed over language used in Dr. Sproul's December 18th letter that supported Gomoluch's case. Specifically, Gomoluch points out that Ort's report failed to incorporate Dr. Sproul's observation that "[i]t is difficult for her to maintain a schedule that will allow her to work regularly."

Even if the Court were to conclude that Ort's summary report is incomplete or even slanted, Ort's report was merely a summary of the evidence presented to the Benefit Committee. Although Ort recommended denying Gomoluch's claim, the Committee was not bound by her report or recommendation. To the contrary, the evidence shows that the Benefit Committee received and reviewed Gomoluch's entire disability file. In addition to Ort's report, Gomoluch's file contained her handwritten appeal letter; her medical records; notes from plan administrators regarding her claim; letters from treating physicians; Dr. Sproul's December 18, 1996 letter; and Dr. Simon's handwritten notes.

■ Moreover, the Committee's denial would have been reasonable even if Dr. Sproul's opinion was the only evidence submitted. While the letter indicates that Gomoluch has difficulty working, Dr. Sproul conceded that as long as Gomoluch was provided bathroom breaks when needed and could take Elmiron, she could work a sedentary job. Such an opinion does not render the Benefit Committee's decision downright unreasonable.[1] Therefore, we uphold the Benefit Committee's decision as reasonable under ERISA.

## 2. Notification of Denial

Gomoluch also takes issue with Ameritech's letter denying her benefits, complaining that it fails to comport with § 5.2 of Ameritech's LTDP. Section 5.2 mirrors the requirements ERISA imposes on all benefit plans pursuant to 29 U.S.C. § 1133, which directs plans to provide unsuccessful claimants with written notification of the denial. The regulations promulgated pursuant to 29 U.S.C. § 1133 describe the notice requirements in detail. 29 C.F.R. § 2560.503–1(f). Denial letters must inform unsuccessful claimants of

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional information necessary for the claimant to perfect the claim and an explanation

---

1. Gomoluch has introduced no evidence that her Service Representative position was not "sedentary".

of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit her claim for review.

*Id.; see also Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 689 (7th Cir.1992) ("These requirements insure that when a claimant appeals a denial to the plan administrator, he will be able to address the determinative issues and have a fair -chance to present his case.").

Gomoluch argues that she was not provided with "any guidelines of what she was to provide for review other than to supply medical records." ·Pl.'s Br. at 3. Gomoluch's notification letter apprizing her of the termination of her benefits stated as follows:

Dear Ms. Gomaluch [sic]:

We are writing in reference to your Long Term Disability claim. 'Disability' as defined under the terms of the Ameritech Employee Benefit Plan is as follows:

Following the 52 week waiting period, you are considered disabled if, due to a nonoccupational illness or injury you are unable to engage in any occupation or employment for which you are qualified by education, training, or experience; or you are unable to work at any job other than the one which pays less than half of your base pay at the time you become disabled.

We have reviewed all the medical information contained in your file including hospital records, office notes, and test results. Based upon a review of this information we find that you meet the definition of disability for the months of June and July 1996. There was no medical documentation submitted which would substantiate continued disability after July 1996.... Since no medical documentation was submitted to substantiate continued disability after July 1996, we have no alternative but to terminate your claim effective August 1, 1996....

In the event the claim has been denied, in whole or in part, you can request a review of your claim. This request for review should be sent to Group Claims Review ... within 60 days after you receive notice of the denial of the claim. When requesting a review, please state the reason you feel the claim was improperly denied, and submit any data, questions, or comments to MetLife which you deem appropriate. MetLife will re-evaluation all the data, and you will be informed of the decision in a timely manner.

Seventh Circuit case law clearly obligated Defendants to describe what information was needed and why such information was needed for Gomoluch to perfect her claim. *See Donato,* 19 F.3d at 382; *see also ·Halpin,* 962 F.2d at 691 ("[T]o satisfy the requirement of a description of any additional material or information necessary for the claimant to perfect the claim, the letter would have to specify the kind of additional medical information needed."). We acknowledge that the letter informs Gomoluch that her lack of medical records for the period in question necessitated the benefits termination. However, drawing all reasonable inferences in Gomoluch's favor, we find that a reasonable juror could conclude that the letter failed to direct Gomoluch to submit medical documentation that indicated she remained disabled and unable to work after August 1, 1996.

Nevertheless, substantial compliance with procedural regulations is sufficient and will not "upset a fiduciary's decision." *Donato,* 19 F.3d at 382. To determine whether there was substantial compliance, we must evaluate whether the beneficiary was "supplied with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review." *See id.* (quoting *Halpin,* 962 F.2d at 690).

In the instant case, Johnson, Ameritech's Long Term Disability Manager, informed Gomoluch that she needed to submit to the Benefit Committee an appeal letter explaining why she believed she was unable to work after July, 1996 and any medical documentation that would support her claim. Johnson's communication—combined with the letter's explanation that disability could not be established beyond July 1996 because Gomoluch had failed to submit any medical documentation after this time—clearly put Gomoluch on notice that she needed to submit medical records covering indicating that she was unable to work after July 1996. Accordingly, this communication cured any deficiencies in the initial notification letter because it described the nature of the additional information needed and why it was necessary. Because we find that Ameritech provided Gomoluch a clear understanding of its position, a remand requiring Ameritech to provide adequate notice under § 1133 would be a useless formality. *Rowell v. Life Ins. Co. of North America*, No. 96 C 8076, 1998 WL 708805, at * 8 (N.D.Ill. Sept.30, 1998)

Having determined that summary judgment is appropriate, we find it unnecessary to determine whether Ameritech is a proper defendant.

## CONCLUSION

Ms. Gomoluch alleges that Defendants wrongfully terminated her benefits in August 1996. The evidence, however, clearly supports Defendants' contention that its decision to deny Gomoluch's benefits was not arbitrary and capricious, and that its notice informing Ms. Gomoluch of the denial satisfied ERISA standards. Therefore, Defendants' motion for summary judgement is granted. The Clerk of the Court is directed to enter judgment pursuant to Fed.R.Civ.P. 58 in favor of the Defendant and against the Plaintiff.