The ESTATE OF Doris Hunt CORN-WELL, by Therese Cornwell FULL-ER, Administrator, Plaintiff,

v.

AMERICAN FEDERATION OF LABOR and Congress of Industrial Organizations, et al., Defendants.

No. CIV.A. 99–1936 SSH.

United States District Court, District of Columbia.

Sept. 26, 2000.

Kim Hoyt Sperduto, John E. Howell, Washington, DC, for Plaintiff.

Julia Penny Clark, Bredhoff & Kaiser, Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

HARRIS, District Judge.

Before the Court is plaintiff's motion to compel, defendants' opposition, and plaintiff's reply thereto. Plaintiff seeks to compel certain testimony of defendant John J. Sweeney, Chairman of the Board of Trustees of the AFL–CIO Staff Retirement Plan (the

**4**

"Board" or the "Trustees"), and the testimony of either Kathy L. Krieger, counsel to the Staff Retirement Plan (the "Plan"), or Richard L. Trumka, a Trustee of the Plan. Defendants allege that the testimony plaintiff seeks to compel is protected by the attorney-client privilege. The subject of this testimony is a conversation between Ms. Krieger and the Board at a meeting on September 16, 1998, during which the Board denied plaintiff's claim for benefits under the Plan. Upon consideration of the parties' arguments, and the entire record in this case, the Court grants in part, and denies in part, plaintiff's motion.[1]

The crux of plaintiff's challenge to defendants' assertion of the attorney-client privilege is that defendants may not invoke the privilege because they have placed the subject of the testimony-to-be-compelled at issue in this case. *See* Pl.'s Mot. at 9–10. It is well-settled that a party waives the attorney-client privilege when it affirmatively puts privileged information in controversy. *See Ideal Electronic Security Co. v. International Fidelity Ins. Co.,* 129 F.3d 143, 151 (D.C.Cir.1997); *see also United States v. Amlani,* 169 F.3d 1189, 1195 (9th Cir.1999); *Garcia v. Zenith Electronics Corp.,* 58 F.3d

1171, 1175 n. 1 (7th Cir.1995). In their earlier motion to dismiss, defendants argued that, because the Plan gives the Board discretionary power to construe and apply its terms, the Court's review of the Board's decision denying plaintiff's benefits claim is limited to whether it was arbitrary and capricious. *See* Defs.' Sept. 10, 1999, Mot. To Dismiss at 4–5. The Court agreed, and concluded that the denial of benefits must be reviewed under a deferential standard of reasonableness.[2] *See* March 23, 2000, Mem. Order at 3–4. Accordingly, the Court finds that defendants have waived any privilege with regard to the conversation between Ms. Krieger and the Trustees during the September 16, 1998, meeting to the extent that conversation involved information necessary to determine the asserted reasonableness of the Trustees' denial of benefits.

Whether a decision on a benefits claim is "reasonable" must take into account the evidence considered by the plan administrator or fiduciary. *See, e.g., Pitney Bowes,* 952 F.2d at 1454–56 (considering evidence before plan committee in assessing reasonableness of decision); *Ellis v. Metropolitan Life Ins. Co.,* 126 F.3d 228, 233–34 (4th Cir. 1997) (considering evidence before fiduciary);

---

1. Because the Court's March 23, 2000, Memorandum Order adequately sets forth the background of this case, the Court will not review that background here.

2. The Court formulated the appropriate standard of review as one of "reasonableness" in reliance on *Block v. Pitney Bowes Inc.,* 952 F.2d 1450 (D.C.Cir.1992). There, the Court of Appeals reviewed the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), which held that "a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of a plan." The Court of Appeals noted that the *Firestone* Court alternatively described the appropriate deferential standard of review as "abuse of discretion" or "arbitrary and capricious," and also noted that, in the wake of *Firestone,* courts were formulating the standard in one of these two manners. *Pitney Bowes,* 952 F.2d at 1454. Stating that "[t]he distinction, if any, between 'arbitrary and capricious review' and review for 'abuse of discretion' is subtle," the Court of Appeals found "no need to adopt one phrase and avoid the other" because, under

either formulation, the "reasonableness" of the benefits decision is the "polestar." *Id.*

Relatedly, plaintiff argues that any factual determinations underlying the Board's denial of plaintiff's benefit claim must be reviewed *de novo,* relying on *Luby v. Teamsters Health, Welfare, and Pension Trust Funds,* 944 F.2d 1176 (3d Cir.1991). Pl.'s Mot. at 14. Plaintiff's argument is unavailing. *Luby* simply held that *Firestone's* framework for reviewing benefits decisions applies to factual interpretations as well as to interpretations of a benefits plan. 944 F.2d at 1182–84; *see also Marecek v. BellSouth Telecommunications, Inc.,* 49 F.3d 702, 706 (11th Cir.1995) (citing *Luby* for proposition that the Third Circuit "explicitly adopted the *Firestone* analysis to review findings of fact"). As noted, the *Firestone* Court held that a deferential standard of review is warranted where a plan vests an administrator or fiduciary with discretionary authority to determine benefits eligibility *or* to construe the terms of a plan. 489 U.S. at 115, 109 S.Ct. 948; *accord Pitney Bowes,* 952 F.2d at 1453 n. 4. Because this Court has already determined that the Plan vests the Trustees with such authority, *see* March 23, 2000, Mem. Order at 3–4 & n. 1, it will not review any relevant factual determinations *de novo.*

*see also Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir.1999) ("[I]n reviewing decisions of plan administrators under the arbitrary and capricious standard, the reviewing court may consider only the evidence that the administrators themselves considered on or before the final decision denying benefits." (internal quotation marks and citation omitted; brackets in original)); *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 395 (5th Cir.1998) (noting that court "engage[s] in a deferential review of the administrator's factual determinations, based on the record before the administrator"). Because the evidence before the Board bearing on plaintiff's eligibility to receive benefits is relevant to the instant controversy, any evidence presented to, or considered by, the Board in the course of the September 16th meeting is not subject to the attorney-client privilege. The record indicates that, during this meeting, Ms. Krieger made a presentation to the Board in which she "went through an exhaustive explanation" of the case surrounding plaintiff's benefits claim "from the beginning to the end." Trumka Dep. 31:10–13. The Board's entire consideration of plaintiff's claim occurred in the presence of Ms. Krieger. *Id.* at 22:11–19. According to Mr. Trumka, the Board denied plaintiff's benefits claim because Ms. Krieger's presentation disclosed no evidence that Doris Hunt Cornwell was alive. *Id.* at 23:10–15; 31:13–18. The Court finds that plaintiff is entitled to probe the basis of the Board's conclusion that there was no evidence that Mrs. Cornwell was alive by ascertaining what evidence the Board relied on in reaching that conclusion. To some extent, Mr. Trumka already has testified to this evidence. *See id.* at 22:25—29:12. Moreover, plaintiff's September 11, 1998, letter to the Board setting forth plaintiff's benefits claim describes the facts of Mrs. Cornwell's disappearance. *See* Defs.' Opp'n, Ex. D. The Court, however, will allow plaintiff to probe the evidence considered by the Board during the September 16th meeting in the event that the full extent of this evidence was shielded by defendants' interposition of the attorney-client privilege.[3] The Court, therefore, extends the period of discovery in this case to give plaintiff an opportunity to depose defendant Sweeney and, at its election, to depose Ms. Krieger or to re-depose Mr. Trumka.[4]

■ The Court emphasizes, however, that with respect to the September 16th meeting, plaintiff is limited to inquiring into what evidence was presented to, and/or considered by, the Trustees. Defendants have not waived the attorney-client privilege with respect to any legal advice requested by the Trustees or provided by Ms. Krieger during the course of this meeting because they have not affirmatively placed this advice in issue— *i.e.*, they have not argued that the denial of plaintiff's benefits claim was reasonable because it was based on the advice of counsel. To be sure, any legal advice provided to the Trustees undoubtedly factored into their ultimate decision. Nevertheless, "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir.1994). The record in this case already reflects the reasons underlying the Trustees' decision, *see* Pl.'s Mot., Ex. D, Attach. C (October 5, 1998, letter from defendant Sweeney); Trumka Dep. 22:25—23:15, and the Court is now allowing plaintiff to ascertain the extent

---

**3.** Although the Court has applied a waiver analysis, its conclusion also reflects the well-settled principle that "[f]acts are discoverable, the legal conclusions regarding those facts are not. A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994). Under either analysis, the evidence considered by the Board in denying plaintiff's claim is not subject to the attorney-client privilege.

**4.** Defendants argue that plaintiff's request to depose Ms. Krieger was untimely because, although the deposition was noticed within the period for conducting discovery set by the Court's October 5, 1999, scheduling order, it was scheduled to take place after the close of this discovery period. *See* Defs.' Opp'n at 14–15. Assuming *arguendo* defendants are correct, in view of the issues clarified and resolved by this Memorandum Order, the Court finds good cause to grant plaintiff's request to depose Ms. Krieger.

of the evidence considered by the Trustees in reaching this decision. No greater disclosure of the Trustees' deliberations is necessary for plaintiff to mount a challenge to defendants' assertion that the denial of benefits was reasonable.[5]

■ Finally, plaintiff requests an award of attorney's fees in connection with its filing of a motion to compel. Federal Rule of Civil Procedure 37(a)(4)(A) provides that if a motion to compel is granted, a court shall:

> require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds ... that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Because the Court agrees with defendants' argument that they have not waived any privilege with respect to legal advice, and concludes that only the evidence considered by the Board is not subject to the attorney-client privilege, the Court finds that an award of attorney's fees is unwarranted. Accordingly, it hereby is

ORDERED, that plaintiff's motion to compel is granted in part and denied in part. It hereby further is

ORDERED, that the period for conducting discovery is extended so that plaintiff may depose defendant Sweeney and, at plaintiff's

election, Kathy Krieger or Richard Trumka. Within two weeks of the date of this Order, the parties shall confer and submit a joint statement proposing a time-frame in which plaintiff shall conduct those depositions. The parties' joint statement shall also propose a schedule for the filing of any dispositive motions.[6]

SO ORDERED.

---

**5.** The Court notes that, in *Pitney Bowes,* the Court of Appeals did not precisely define the contours of the "reasonableness" inquiry. For its part, the Fourth Circuit has held that a benefits decision is reasonable if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Ellis,* 126 F.3d at 232 (internal quotation marks and citation omitted). Other courts have described the deferential standard of review differently. *See, e.g., Kimber,* 196 F.3d at 1098 ("[A benefits decision] need only be sufficiently supported by facts within [the plan administrator's] knowledge to counter a claim that it was arbitrary and capricious... The decision will be upheld unless it is not grounded on *any* reasonable basis." (internal quotation marks and citation omitted; emphasis in original)); *Gomuluch v. Ameritech,* 48 F.Supp.2d 785, 787–88 (N.D.Ill.1999) ("To hold

that the Benefit Committee's decision was arbitrary and capricious, we must be confident that the Committee failed to consider significant information or that they seriously erred in evaluating the evidence before them." (internal quotation marks and citation omitted)). The Court finds it unnecessary to adopt any particular test of reasonableness at this stage in the litigation because, regardless of how the Court ultimately formulates the test, plaintiff will not be entitled to discover the legal advice provided to the Board in the course of its decision-making process.

**6.** The Court's October 5, 1999, scheduling order did not set a deadline for the filing of summary judgment motions.